ENTERED
AUG 2 2 2005
TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

JOHN ADAMS, JR.,

      Plaintiff,

v.                                            Civil Action No. 3:04-0409

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff John Adams, Jr. appeals the Social Security Commissioner's (hereinafter "Commissioner") final decision denying his applications for disability insurance benefits (hereinafter "DIB") and for supplemental security income (hereinafter "SSI") based on disability, brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons set forth below, the Commissioner's decision is **AFFIRMED**.

I

The plaintiff protectively filed his applications for DIB and SSI on June 13, 2002, alleging disability commencing May 30, 2002, as a consequence of pain in his neck, shoulders, arms, lower back, legs and groin. Both applications were denied initially and again upon reconsideration. At his request, an administrative hearing was held on October 8, 2003. On February 5, 2004, an administrative law judge (hereinafter "ALJ") found that he was not disabled, and his decision became the Commissioner's final decision when the Appeals Council

denied plaintiff's request for review. Thereafter, the plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the ALJ's decision, the plaintiff was thirty-two years of age, had obtained a ninth-grade education and had work experience as a truck driver and carpet installer. In his decision, the ALJ determined from the objective medical evidence that the plaintiff suffered from the following "severe" impairments[1] as defined by the social security regulations: degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine and osteoarthritis of the knees. He also determined that the plaintiff did not have an impairment or impairments which in combination satisfied or equaled any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. He further determined that the plaintiff had the following residual functional capacity (hereinafter "RFC"):

> [T]he claimant has degenerative disc disease of the lumbar and cervical spine with chronic back and neck pain and mild osteoarthritis of the knees, however he retains the residual functional capacity to perform light exertional work; occasional lifting of 20 pounds; frequently 10 pounds; stand/walk 6 hours, no longer than 1 hour at a time; sit 6 hours with normal breaks; no more than frequent pushing/pulling with the upper or lower extremities; only occasional stooping, kneeling, crouching or crawling; no more than frequent lifting or reaching overhead; no constant rapid or forcible turning of the head from side to side; and he should avoid extreme cold temperature and hazards.

(R. 23.) On the basis of this determination and plaintiff's age, education, and employment background, and relying on Rule 202.18 of the medical-vocational guidelines[2] and the testimony of a vocational expert (hereinafter "VE"), the ALJ found him not disabled.

---

[1] A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activity. 20 C.F.R. §§ 404.1521(a) and 416.921(a).

[2] 20 C.F.R. Pt. 404, Subpt. P, App. 2, Tbl. 2.

Additional facts will be introduced as they relate to plaintiff's arguments for relief.

**II**

Under the Social Security Act (hereinafter "Act"), the Court is required to uphold the Commissioner's decision if the decision is supported by substantial evidence and adheres to proper legal standards. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. of New York v. NLRB*, 305 U.S. 197, 229 (1938)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). The Court will not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner or his ALJ, *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990), and "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner or his ALJ]." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Accordingly, the issues before the Court are whether the ALJ's decision is supported by substantial evidence that plaintiff is not disabled within the meaning of the Act and whether the decision is based on the correct application of the relevant law. *Coffman*, 829 F.2d at 517.

According to the Act, an individual is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C.A. §§ 423(d)(1)(A), 1382c(a)(3)(A) (West

Supp. 2000). The Commissioner has developed a five-step procedure for making this determination. The first step requires consideration of whether the claimant is engaged in substantial gainful activity. If so, the claimant is found not disabled. If not, the second step requires a finding of whether there is a "severe" impairment. If not, the claimant is found not disabled. If so, the third step calls for an analysis of whether the impairment(s) meets or equals one contained in the listing of impairments.[3] If so, the claimant is found disabled without further analysis. If not, the process continues to the fourth step where it is determined whether the claimant's impairment(s) prevents the performance of his or her past relevant work. If not, the claimant is found not disabled. If so, the burden of production shifts to the Commissioner for the final step.[4] In the fifth step, the Commissioner must demonstrate that the claimant can do other work. If the Commissioner satisfies this burden, benefits are denied. Otherwise, the claimant is found disabled, and benefits are awarded. 20 C.F.R. §§ 404.1520, 416.920.

In the case *sub judice*, both parties agree that the plaintiff has not engaged in any substantial gainful activity since filing his applications; he has severe impairments; he does not have an impairment or combination of impairments that satisfies a listing in Appendix 1, Subpart P, Regulations No. 4; and, he is unable perform his past relevant work. They disagree, however, on whether his impairments prevent him from performing any work. Hence, the plaintiff has appealed to this Court and seeks to have the Commissioner's decision reversed.

---

[3] 20 C.F.R. Pt. 404, Subpt. P, App. 1.

[4] *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981); *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

### III

Plaintiff has submitted three grounds in support of his motion for judgment on the pleadings. He alleges that the ALJ failed to properly evaluate the opinion of Gregory A. Carico, M.D., his treating physician, that the ALJ's findings concerning his pain and credibility are not supported by substantial evidence and that the ALJ failed to consider the combined impact his impairments have on his ability to work. The Commissioner, on the other hand, contends that the ALJ's decision is supported by substantial evidence and adheres to the law. The Court will address plaintiff's grounds for judgment on the pleadings seriatim.

### A

Starting with the treating physician's opinion, the plaintiff argues that the ALJ failed to properly consider the opinion of his treating physician. On January 22, 2003, Dr. Carico provided the following opinion concerning plaintiff's medical condition:

> I received your letter of January 16[th] concerning the above mentioned patient. I understand that you are working with him towards his claims for social security benefits. I am sure you are aware that the patient is also currently being treated under pain management with Dr. Caraway concerning a Workers' Compensation claim. The patient has finally gotten authorization for that visit and this should be able to provide us with a little more consistency in his pain management and control.
>
> For that reason my report to you today will be an interim report. After he sees Dr. Caraway and has been evaluated and has had interventional therapies of pain management these findings may change.
>
> You specifically requested information about the patient's ability to lift or carry, whether or not he is able to stand, walk, or sit, or his postural activities. The patient has pain control only if he has no physical activities of lifting of any type, or of carrying of any type, or of prolonged positioning, whether that be sitting, standing, or walking. If the patient tries to get any type of activities such as driving for long distance, or trying to pick up groceries at the store, or trying to get down on the floor to be with his children he has exacerbation of his pain that

> is not controlled with the pain medication. The patient, therefore, is unable to do any forms of reaching, handling, pushing, pulling, or any other mechanical activities that would involve upper or lower back activities. Concerning the patient's ability to be around extreme temperatures, chemicals, dust, fumes, noise, etc., I find that the patient should not be at any elevations or heights because of his inability to guarantee his balance, that he should not be around extreme temperatures as they exacerbate his pain, and that vibrations also seen to exacerbate his pain.
>
> Therefore, my interim finding is that the patient is unable at this time to perform any job activity or any type, that his pain is only controlled with high dose pain medications with no activities whatsoever.

(R. 188-89.)

The disability decision is reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1). Moreover, an ALJ's determination as to the weight to be assigned to a medical opinion cannot be disturbed without some indication that the ALJ has "dredged up specious inconsistencies" or has failed to provide a good reason for the weight afforded a particular opinion. *Scivally v. Sullivan*, 966 F.2d 1070, 1076-77 (7th Cir. 1992), *see also* 20 C.F.R. §§ 404.1527(d), 416.927(d). In *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992), the Fourth Circuit affirmed that a treating physician's opinion on the issue of disability is not controlling. In *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996), the court stated that the regulations give a treating doctor's opinion controlling weight with respect to the nature and severity of the impairment if the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. The court further stated: "[B]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Id.*

When a treating doctor's opinion is not given controlling weight, however, the following factors should be used to determine the opinion's weight. First, the more evidence the physician presents to support his opinion, particularly medical signs and laboratory findings, the more weight is given to the opinion. Well-reasoned explanations are also given more weight,[5] and the more consistent a treating doctor's opinion is with the record as a whole the more weight afforded to his opinion.[6] Finally, a specialist's opinion will be given more weight than that from a nonspecialist.[7]

Contrary to plaintiff's argument, the ALJ properly rejected Dr. Carico's opinion because Dr. Carico expected the plaintiff's condition to improve after Dr. Caraway's pain management treatments. Moreover, Dr. Carico's opinion is inconsistent with the examination findings made by Mark A. Carter, M.D. as well as the RFC assessment of Fulvio Franyutti, M.D. Furthermore, Dr. Carico's opinion is also inconsistent with the examination findings made by Panos Ignatiadis, M.D. Additionally, Dr. Ignatiadis determined that he was not a candidate for surgical intervention. Finally, Dr. Carico's opinion is inconsistent with plaintiff's MRI reports and nerve conduction studies. Given that Dr. Carico's report was interim opinion, and as that report is inconsistent with the other medical evidence in the record, the Court holds that substantial evidence supports the ALJ's decision to rejects Dr. Carico's opinion concerning plaintiff's limitations.

---

[5] 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3).

[6] 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4).

[7] 20 C.F.R.§§ 404.1527(d)(5), 416.927(d)(5).

Case 3:04-cv-00409  Document 16  Filed 08/22/05  Page 8 of 11 PageID #: 321

## B

Next, the plaintiff argues that substantial evidence does not support the ALJ's findings concerning the pain he experiences in his neck and back.

The Fourth Circuit has developed the following standard for determining whether an individual's pain is disabling. "[S]ubjective claims of pain must be supported by objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant." *Craig v. Chater*, 76 F.3d 585, 591 (4th Cir. 1996). Thus, in order for a "disability to be found, an underlying medically determinable impairment resulting from some demonstrable abnormality must be established." *Id.* at 592. Furthermore, "allegations of pain and other subjective symptoms, without more, are insufficient." *Id.* "Pain is not disabling *per se*, and subjective evidence of pain cannot take precedence over objective medical evidence or the lack thereof." *Id.* (quoting *Parris v. Heckler*, 733 F.2d 324, 327 (4th Cir. 1984); *see also* 20 C.F.R. §§ 404.1528(a), 416.928(a) (stating that a claimant's "statements . . . alone . . . are not enough to establish that there is a physical or mental impairment").

Turning to the law on credibility, it is the ALJ's responsibility, not the courts, to weigh and resolve conflicts in the evidence. Courts are not allowed to substitute their judgment for that of the ALJ, provided that substantial evidence supports the decision. *Hays*, 907 F.2d at 1456. *See also Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985) (recognizing that the ALJ's assessment of claimant's pain level is entitled to great weight); *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985) (*per curiam*) (stating that the ALJ has a duty of explanation when making determinations about the credibility of a claimant's testimony).

Given the results of plaintiff's MRIs as well as Dr. Carico's progress notes, it appears that the plaintiff satisfies the first part of the *Craig* analysis because he has objective medical evidence showing the existence of medical impairments which could reasonably be expected to produce pain. The second part of the analysis, however, requires a determination of whether the medical impairment could reasonably be expected to produce the actual pain, in the amount and degree, as alleged by the plaintiff. As stated above, Dr. Carter's report and Dr. Franyutti's assessment clearly indicate that the plaintiff's medical impairments could not reasonably be expected to produce the actual pain, in the amount and degree, as alleged by the plaintiff. Moreover, Dr. Ignatiadis examined the plaintiff and found he was not a candidate for surgery because his motility of the neck was full, his strength and reflexes of the upper extremities were normal, his motility of the lumbar spine was full and his leg raising was negative. Finally, plaintiff's nerve conduction studies were normal. Given all of this objective medical evidence, the Court holds that substantial evidence supports the ALJ's finding regarding the second part of the *Craig* analysis. The Court further holds that because the objective medical evidence is inconsistent with plaintiff's testimony substantial evidence supports the ALJ's finding concerning plaintiff's credibility. *See Craig*, 76 F.3d at 591 and *Hays*, 907 F.2d at 1456. Finally, the Court notes that the ALJ did not ignore plaintiff's allegations of pain because the ALJ did restrict the plaintiff to light work.

## C

Next, the plaintiff argues that the ALJ failed to properly consider the combined impact of his impairments on his ability to perform his previous relevant work.

The Fourth Circuit has held that "Congress explicitly requires that 'the combined effect of

all the individual's impairments' be considered, 'without regard to whether any such impairments if considered separately' would be sufficiently severe." *Hines v. Bowen*, 872 F.2d 56, 59 (4th Cir. 1989) (quoting 42 U.S.C.A. § 432(d)(2)(c) (1982 and Supp. 1988)).

After reviewing the ALJ's decision and the testimony at the administrative hearing, the Court rejects plaintiff's contention. The ALJ's RFC finding as well as his hypothetical questions to the vocational expert set out all of the plaintiff's impairments that were supported by the objective medical evidence. The ALJ's RFC finding is extensive, and it takes into account plaintiff's upper and lower back pain as well as his knee pain. The vocational expert, using those limits identified by the ALJ, testified that there were a significant number of jobs in the economy which plaintiff could perform. Thus, both in his findings and in soliciting the views of the vocational expert, the ALJ considered the combined effect of the plaintiff's impairments as established by the evidence. Therefore, the Court holds that there is substantial evidence in the record to support the ALJ's finding concerning the combined effect of plaintiff's impairments on his ability to perform work.

## IV

On the basis of the foregoing, it is **ORDERED** that the plaintiff's motion for judgment on the pleadings be **DENIED**, that the Commissioner's motion for judgment on the pleadings be granted and the Commissioner's decision be **AFFIRMED**. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to mail a copy of this Memorandum Opinion and Order to all counsel of record.

ENTER:

*Robert J. Staker*

ROBERT J. STAKER
Senior United States District Judge